tional and conscious acts of all of the parties. To require the plaintiff in this action, before receiving the stock to which he is entitled, if he establishes his agreement for the purchase thereof, to pay, not only the one-third of the purchase price of the stock, but one-third of the damages recovered against the defendants herein for their fraud and deceit practiced upon their vendor in connection with the sale, would be indirectly permitting the defendants to compel the plaintiff, as a joint tort-feasor with them, to contribute toward the loss which they had sustained by reason of the joint tort. What may not be done directly should not be done indirectly. Suppose the defendants had transferred to the plaintiff immediately after its purchase one-third of the stock in question, in accordance with their agreement so to do. And suppose that subsequently the vendor, Tillie von Au, had sued the defendants in this action for damages for fraud and deceit in connection with the sale, they could not have pleaded a defect of parties defendant, because the plaintiff in this action was not also sued, for each joint tort-feasor is severally liable. 28 Am. & Eng. Encyc. of Law, 255. Or suppose that she had sued both the plaintiff and defendants in such an action and had recovered judgment against all three, she could have collected the entire judgment from the property of one or both of the defendants in this action. In neither event could the defendants in this action have maintained an action against this plaintiff for contribution and indemnity. If this would be the case if the defendants had transferred the stock to the plaintiff, I cannot see why a different rule should prevail because the defendants have failed to do so, providing the plaintiff establishes an agreement that they should do so. The law will not apportion the damages for a wrong done among the wrongdoers, but will leave them where it finds them.

It follows, therefore, that the motion to strike out from the second paragraph of each of the answers herein the portion hereinbefore specified should be granted, and that the motion to strike out the whole of the sixth paragraph of said answers should be denied, for the reason that as to this plaintiff has mistaken his remedy.

Ordered accordingly.

---

(109 App. Div. 774)

### BATES v. DELAWARE. L. & W. R. CO.

(Supreme Court, Appellate Division, Third Department. December 5, 1905.)

1. PLEADING—DEMURRER TO ANSWER—FORM—SUFFICIENCY.

The answer to a complaint, in an action against a railroad for negligently setting fire to plaintiff's house, alleged as subdivision 3 of a second defense that the plaintiff's property was insured and that the insurance company had an equitable interest in the cause of action and was a necessary party, and for a fourth subdivision that the insurance company was a domestic corporation, organized under the laws of New York. Plaintiff's demurrer to the answer read: "Plaintiff hereby demurs to the affirmative defense contained in the answer of the defendant herein, and which is set forth in subdivisions 3 and 4 of said answer, on the ground that each of the same is insufficient in law upon the face thereof, and does not state any facts which constitute a defense to said action." *Held*, that the demurrer was not bad in form as being a demurrer to.

each of the subdivisions 3 and 4, but was a demurrer to the whole second defense.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 461, 484.]

2. SAME—SURPLUSAGE.

Where plaintiff's demurrer to a defense was sufficient, a further demurrer to the same defense, bad in form and insufficient for that reason, could be regarded as mere surplusage.

Appeal from Special Term.

Action by Frederick E. Bates against the Delaware, Lackawanna & Western Railroad Company. From a judgment sustaining a demurrer to one of the defenses set up in defendant's answer, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Halliday & Denton, for appellant.

George B. Davis, for respondent.

PARKER, P. J. The action is to recover damages against the defendant for negligently setting fire to the plaintiff's house, by reason of which it was entirely burned. The defendant answers and sets up two defenses:

First, a denial of all the charges made in the complaint, except the incorporation, etc., of the defendant, and that a demand has been made by the plaintiff for compensation for his loss and a refusal by the defendant to pay the same. This denial is contained in two different subdivisions of the answer, numbered 1 and 2. Why two subdivisions were used is not apparent. The two contain but one defense, viz., a denial of the facts upon which the plaintiff bases his cause of action.

Second. The other defense is, in substance, that the plaintiff's said property was insured by the Tompkins County Co-operative Fire Insurance Company against loss or damage by fire, and that such company has an equitable interest in the alleged cause of action set forth in the complaint, and that such insurance company was therefore a necessary party to this action, and that it should therefore be joined in this action either as plaintiff or defendant; and such nonjoinder was pleaded as a defense to this action; also that such insurance company was a domestic corporation organized under the laws of the state of New York. Two subdivisions of the answer are used to set forth this affirmative defense; the one numbered 3, and the other numbered 4. The part contained in the fourth subdivision was the allegation as to such insurance company being a domestic corporation, last above stated. All the other averments constituting this defense were contained in the third subdivision. Why it was determined to use a fourth subdivision in stating this defense is not apparent.

In response to this answer, the plaintiff has interposed a demurrer. It is substantially as follows:

"The plaintiff hereby demurs to the affirmative defense contained in the answer of the defendant herein, and which is set forth in subdivisions 3 and 4 of said answer, on the ground that each of the same is insufficient in law upon the face thereof, and does not state any facts which constitute a defense to said action."

It is urged by the defendant that this demurrer is bad in form, and is therefore not well taken, because it is a demurrer to each of the subdivisions 3 and 4. Its counsel argues that a demurrer to separate parts of a defense will not be sustained; that "for the purpose of determining its sufficiency the defense must be construed in its entirety." I do not construe this demurrer as being one to each of such subdivisions separately. It expressly states that it is to the defense set up in the two, together, and I think it plain that the pleader intended by the use of the phrase "each of the same" to mean that the facts set forth in both of such subdivisions were insufficient. The criticism of the defendant's counsel on this language is hardly a fair or reasonable one. It was the whole defense that was demurred to, and that is stated to be in both those subdivisions. The form of this demurrer is therefore not amenable to the defendant's criticism, and therefore, as I understand the defendant's position, it should be sustained.

The plaintiff, after stating his demurrer and the grounds thereof, as above stated, proceeds to further demur "to the allegation set forth in subdivision 3 of said answer, that the property," etc., repeating the allegations therein in detail, but leaving out entirely the matters contained in the fourth subdivision, and claims that such allegations are insufficient in law and upon their face to constitute a defense. The defendant claims that this is bad in form; that it is a selection of a part of the defense only, and therefore cannot be sustained. That is true. But it is an attempt to demur to the defense of nonjoinder of the insurance company as a party; that is to the same defense to which the demurrer first above stated was well pleaded. There was but one defense pleaded in the third and fourth subdivisions, viz., the nonjoinder of a necessary party; and each effort of the plaintiff was to demur to that defense. His first effort we hold to be sufficient in form, and to be well taken, and upon this the judgment at Special Term can be sustained. The second effort to demur to the same defense was a failure; but it was an utterly unnecessary effort, not needed to obtain a judgment sustaining a demurrer to that defense, and so that effort, and all the language used in that effort, may be regarded as surplusage.

I have not examined on its merits the question of the sufficiency of the defense of nonjoinder, because no claim that it was sufficient as a defense has been advanced by the defendant on this appeal.

The judgment sustaining the demurrer to that defense at Special Term was properly rendered, and should be affirmed.

Interlocutory judgment affirmed, with costs, with usual leave to defendant to amend upon usual terms. All concur.